The first case that was scheduled, Navarro v. Mukasey, has been submitted on the briefs. Mr. Horner? Good morning, Your Honor. I want to thank you for the telephonic appearance, Lee, here. This is Lee Horner, appearing for Appellant Bruce Simpson. You may proceed. You may proceed with your argument. Oh, very well, Your Honor. I didn't hear anybody else appearing. I would like to reserve four minutes if there is argument from the other side, because I understand we have an accelerated time today. Yes. I think the first thing that I would like to encourage the panel to do is to certify the question of what an annuity is in California to the California Supreme Court. My motion has been sent to the merits panel in that regard and has not been acted on as we speak, to my knowledge. Clearly, there is no California authority right on point as to what an annuity is. This case, as the Court is aware, turned on the Pekush case, which said basically that there is, unless there is a death benefit in an annuity in California, that it is not exempt under the statute we use, California Civil Procedure Code 704-100. It made reference to a California case, the Texas Commerce Bank, which was construing whether, among other things, whether or not a life in being or an annuitant, a human annuitant, had to be in play for an annuity to be considered such in California. Texas Commerce Bank said no measuring life is required. In fact, it criticized the Barr case, which was decided in 1951 and relied on by Pekush by saying that that was an inheritance tax issue and doesn't really help us determine what is an annuity for insurance purposes. It seems to me that the California Supreme Court would be in a good position to interpret the state law. The other thing, then, all of the cases involving this particular exemption of annuity contracts dealt with annuities having no death benefit. Either they were fully matured or, as in the Turner case, it was an unmatured contract but specifically had no death benefit at all. The Turner case provided nine non-exclusive factors to apply in determining whether an annuity is exempt or not, but there's no California authority for these nine factors either. We do have a death benefit in any case, such as it is. It's simply an acceleration of the vesting of the interest, not otherwise vested upon the annuitant's death, and that's paid to the family. This is something that could not happen during his lifetime. Now, Pekush, which is the keystone case really here that the Bankruptcy Court and the BASM relied on, as have other bankruptcy judges, involved three matured immediate annuities, meaning that a different statutory scheme kicked in. There, the assessment has to be as necessary for the debtor's retirement. The Pekush case, though, dismissed the Texas Commerce case I just mentioned out of hand and said instead that the Barr case decided in 1951 applies. Barr said such annuities are not exempt from inheritance tax. Now, a couple of points to make, if I may. The inheritance tax has been obsolete for years in California, number one, and the Barr case decided in 1951 was when we did not even have television in California. And I'm suggesting that a fresh look at today's annuities and today's exemptions statute, the current one, was enacted in similar form to today in 1983. I think this is a good case for the Supreme Court to take a look at, by the way. How do you think the Supreme Court would grant certification? I think they would. If it's like Arizona, the Supreme Court here will do the same if it will be dispositive. They don't like to make advisory decisions. No, we've actually had a mixed result in certification. The California Supreme Court, they're very busy. They have agreed to take our cases, not cases from the district court. But they are quite choosy, and it has to be an issue of some importance in California law. Why do you think this qualifies? Well, because it would attend to exemption of annuities not only in the bankruptcy system but statewide. There's just no reported cases on this particular issue, and there's nothing that's come up in recent times. Now, if they don't, I mean, the Ninth Circuit is perfectly capable of taking it, but I think that it could be made, and I think they allow for briefing whether or not they would accept a case could be made that this is a very important issue of state law. Why do you think the California Supreme Court would take a different look at the Turner factors? I think because the Texas Commerce Bank, Your Honor, basically gets to the central issue that you don't need a death benefit. And in the Turner case, as you know, there is a death benefit analysis, among other things. See, we're arguing for a per se exemption. If it's an annuity issued by an insurance company, per se exemption as we read the statute. There's no intent, for example, if you buy jewelry that's exempt that you have to wear it. Counsel, if we think that the statute is clear and that it is either way, whether we think it supports your position or not, but if we think the statute is quite clear, what would be the point of certification? Well, I guess that's up to the panel. This is why it's been referred to the merits panel. If it's an issue that you think that the state court system should weigh in on and give us a final binding decision we can all rely on, that would be the case. The statute is a tad ambiguous, though, with the wording, because they speak to life insurance policies and then in parentheses, including endowment and annuity policies, in parentheses. Suppose we disagree with you. Suppose we conclude either because we don't think in our judgment and experience that it would be worthwhile to petition the California Supreme Court or we come to the conclusion that we know pretty much what the California law would be under the circumstance. How would you argue your case then? Well, I would say the next step then is, is there a death benefit? Because by making that determination, Your Honor, you're saying you've got to have a death benefit or it's not exempt, period. I would say that because we do have a death benefit, that it would meet that standard for exemption under this statute. You're down to about four minutes. Do you want to reserve? Yes. Is the other side there to argue? Yes. Okay. Yes, I will reserve. Thank you. Mr. Burkhart. Good morning, Your Honor. Michael Burkhart, the Chapter 7 trustee in the Bankruptcy Estate of Simpson and also appearing here as the appellee pro se. This case really started as a simple consumer bankruptcy case back in September of 2005. The debtor is a retired life insurance salesperson who even admitted during the 341 meeting of creditors that this life insurance excuse me, the annuity is not life insurance. He understands the distinguishing characteristics between an annuity contract and a life insurance policy. There is no death benefit. The debtor had $10,000 in non-exempt assets, basically negotiable securities that he sold, converted that to cash, and then purchased one-time premium purchase of this annuity contract. The debtor's attorney, Mr. Horner, sold him the annuity contract as he is licensed to sell insurance products and annuity products. He has a personal vested interest in this going forward, so he can create a vehicle through which he can sell to other debtor's attorneys saying, let me tell you what I can do. I can sell you this annuity contract and we can convert non-exempt assets into exempt assets to keep it out of reach of the bankruptcy trustee. That's what this is all about. As the panel well knows, read the pleadings. I briefed this in my opening brief as to the Texas Commerce case versus Garamendi that Debtor's Counsel has cited. These are not on point. One of them deals with the liquidation proceeding in an insurance company as to a creditor's priority class. The other one was a dispute over award of attorney's fees. It has nothing to do with claiming an exemption under a bankruptcy proceeding. This matter has already been decided. It's well-established law. In the Pekush and Bernard cases, it's well-established that an annuity contract is indeed not life insurance. And also the Rogers case and Lieberman also decided whether or not this annuity contract qualifies as a retirement plan. It is not a retirement plan. This is just a garden variety annuity contract to provide for a future income stream down the road. It's really no different than purchasing AT&T stock or any other investment vehicle from that standpoint. So under the statute, which includes the parenthetical phrase annuity as a reference, how would you construe that parenthetical phrase? I think where if you had an annuity contract where it provided for some death benefit, in this case, Mr. Horner, appellant's counsel, argues there is a very slight death benefit in that the vesting is accelerated upon death of the annuitant, and likewise there would be no surrender fee, if you will. If the court upholds the bankruptcy appellate panel's decision in this and then I move to surrender the annuity contract, I am then or the estate is then assessed a 10% surrender fee. This 10% surrender fee is really to cover the insurance company who paid the commission, sales commission, on this contract. That's all it is. That's what he argues is the death benefit. There is no death benefit under this contract. So what kind of annuity contract do you think would qualify under the life insurance exemption statutory? If the annuity contract provided some death benefit. In the classic sense. Like a life insurance policy. If this were a life insurance policy with $10,000 face value that would be payable upon the death of the annuitant, so be it. But that is not the case in this particular annuity contract. Could I ask you a question about standard review? The BAP seems to say the standard review is by clear air. Is that correct? I'm sorry. I misunderstood. The BAP, the AAP as they used to call it. They still do. The standard review said the standard review is clear air for the question here. I don't, well, I don't think it's a clear air per se. There is probably a confusion between fact and law that causes this perhaps to be a de novo hearing. Well, I just wondered if you had a view ordinarily of issues such as this coming up, and wouldn't give any deference to the fact finder or the trial determiner. But the BAP seems to think that the air here is clear, tested by clear air, and that rather surprised me. Of course, bankruptcy is always unique. I always get surprised by that even more than taxation. But do you have a feeling on that or are you ready, prepared to argue that issue? No, I don't have a clear feeling on that, Your Honor. Okay. Thank you. Thank you. Very good. Thank you. Mr. Hunter? Let me reply briefly, and in reverse order. I believe de novo review is appropriate. As I see this, it's a mixed question of law and fact, which is always review de novo. Also, the BAP, Your Honor, perhaps the explanation for why we have the decision as it is, is because the BAP is reluctant. In fact, they will not reverse a decision of another BAP panel. So it's more in the order of a stepping stone to the Ninth Circuit for a true review. Finally, the death benefit is in the record. I won't belabor the point. I think Mr. Burkhardt did point out that it does provide – it's not much of one, but it is a death benefit. But today, unlike in 1951, when Barr was decided and En-Picouche relied, we now have contracts that have 29% of the interest they'll pay as a death benefit. There's some that will pay an accidental death benefit. If the annuitant dies, they just double what's on hand. So the thing has evolved just like technology. It really has. And I think that it's time to take a fresh look at this whole scheme. Now, as far as the debtor admitting that this was not life insurance, that's a legal conclusion. And I think he also stated, when asked at trial, is it an investment? And he said, well, he considered it to be an investment, thinking it's a retirement investment. Annuity investments, such as variables, are not exempt. We can see that. But this is not a variable. It's not an investment in the stock market. He has no risk of loss at all. And I think the panel's question to Mr. Burkhardt, what would qualify as an exempt annuity, is a darn good one. I do believe this particular one would. But we clearly need some guidance, Your Honors, on this. The Pekush case has just missed the boat by relying on something back in 1951, an obsolete tax statute. And I think Texas Bank is a lot more on point. And unless there's any further questions, I think that pretty well covers it. Thank you, counsel. Thank both of you for your argument. The case, as heard, will be submitted. And we may terminate the telephone conversation. Thank you, Mr. Horner. Thank you so much for your time, panel. Good day. Thank you, Mr. Burkhardt. We'll proceed now to the oral argument calendar in its original order. And the first case is Ding v. Mukasey.
judges: Wallace, Thomas, Graber